IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN BRADTKE, DEBBIE BRADTKE, and DANIEL BRADTKE,<br><br>Plaintiffs,<br><br>vs.<br><br>REPUBLIC SERVICES, INC., ALLIED SERVICES, LLC, and BRIDGETON LANDFILL, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:14-cv-1781<br>)<br>)  **Jury Trial Demanded**<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendants Republic Services, Inc., Allied Services, LLC, and Bridgeton Landfill, LLC, pursuant to 28 U.S.C. § 1441, hereby remove the above-styled action to this Court from the Circuit Court of St. Louis County, Missouri.  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  In support hereof, Defendants state as follows:

## INTRODUCTION

1. On October 17, 2014, Plaintiffs Glenn Bradtke, Debbie Bradtke, and Daniel Bradtke ("Plaintiffs") filed their Petition for Damages – Nuisance (the "Petition") in the Circuit Court of St. Louis County, Missouri, thereby commencing the instant action styled, *Glenn Bradtke, Debbie Bradtke, and Daniel Bradtke v. Republic Services, Inc., Allied Services, LLC, and Bridgeton Landfill, LLC*, Case No. 14SL-CC03518 (the "Lawsuit").

2. A copy of the Petition together with the complete file of the action filed in St. Louis County, Case No. 14SL-CC03518, is attached hereto as **Exhibit 1**. Defendants are unaware of the existence of any process, pleadings, or orders other than the documents included in the exhibits attached hereto. There are no motions pending before the 21st Judicial Circuit Court of St. Louis County, Missouri in this matter, nor are there any hearings currently set.

3. Plaintiffs' one-count Petition seeks recovery of damages allegedly suffered as a result of a temporary nuisance caused by odors and emissions (the "Nuisance") from a landfill located at 13570 St. Charles Rock Road., Bridgeton, Missouri 63044 (the "Landfill"). Ex. 1 ¶¶ 1-2.

4. Specifically, Plaintiffs allege that Defendants, in their respective capacities as the alleged owners and operators of the Landfill, are causing or permitting the Nuisance to exist in violation of § 260.210.1(4) RSMo (the "Alleged Violations"). *See* Ex. 1 ¶¶ 4-8, 13.

5. As a result of the Alleged Violations, Plaintiffs assert that they are entitled to compensatory damages for injuries suffered in the form of: (1) loss of use and enjoyment of their property; (2) annoyance; (3) discomfort; (4) economic loss, including the loss of value to their house; and (5) physical ailments (the "Injuries"). *See* Ex. 1 at ¶ 23.

## NOTICE OF REMOVAL IS TIMELY

6. Plaintiffs filed their Petition on October 17, 2014.

7. Defendants first received a copy Plaintiffs' Petition on October 20, 2014.

8. This Notice of Removal is timely because it is filed within thirty (30) days of Defendants' receipt of the Petition and within one year of the Lawsuit being commenced.

9. No previous request has been made for the relief requested in this Notice.

10. All Defendants join in this Notice of Removal.

## **DIVERSITY JURISDICTION EXISTS**

11. This Court has original jurisdiction over the Lawsuit under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441(a) because there exists complete diversity of citizenship between the parties and the amount in controversy exceeds the jurisdictional threshold of $75,000.00.

**I.     Complete Diversity Exists**

12. Plaintiffs are residents of Bridgeton, St. Louis County, Missouri and have so resided at all times relevant to the Lawsuit. *See* Ex. 1 ¶¶ 2-3. Plaintiffs are therefore Missouri citizens for diversity purposes. *See* 28 U.S.C. § 1332(a).

13. Defendant Republic Services, Inc. ("Republic") is incorporated in Delaware and maintains its principal place of business in Arizona. Ex. 1 ¶ 4. Accordingly, Republic is a citizen of Delaware and Arizona for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

14. Defendant Allied Services, LLC ("Allied Services") is a Delaware limited liability company. Ex. 1 ¶ 5. Allied Services has three members: Allied Waste Landfill Holdings, Inc., Allied Waste North America, Inc., and Allied Green Power, LLC. Allied Waste Landfill Holdings, Inc. is a Delaware corporation with its principal place of business in Arizona. Allied Waste North America, Inc. is a Delaware corporation with its principal place of business in Arizona. Allied Green Power, LLC's sole member is Allied Waste North America, Inc.

15. Defendant Bridgeton Landfill, LLC ("Bridgeton") is a Delaware limited liability company. Ex. 1 ¶ 6. Allied Waste North America, Inc. is the sole member of Bridgeton.

16. As unincorporated entities, the citizenship of Allied Services and Bridgeton for purposes of diversity jurisdiction is controlled by the citizenship of their respective members. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's

membership, for purposes of diversity jurisdiction, is the citizenship of each of its members."). Accordingly, both Allied Services and Bridgeton are citizens of Delaware and Arizona for diversity purposes. *Id.*

## II. The Amount in Controversy Exceeds $75,000.00

17. Defendants deny that Plaintiffs are entitled to any monetary recovery based on the allegations in the Petition. But for removal purposes, Defendants are entitled to rely upon an examination of the relief requested in Plaintiffs' Petition in order to establish a sufficient amount in controversy for removal. *See City of Univ. City, Missouri v. AT & T Wireless Servs.*, Inc., 229 F. Supp. 2d 927, 934 (E.D. Mo. 2002) ("The amount in controversy is determined by an examination of the relief requested in the complaint.")

18. Missouri law does not permit a party to make a demand for monetary relief of a specific dollar amount in tort actions. *See* Mo. Sup. Ct. R. 55.05; § 509.050 RSMo. For tort causes of action, including actions for a temporary nuisance, the plaintiff may only plead a demand for monetary relief for purposes of determining proper jurisdiction. *Id.*

19. In compliance with Rule 55.05 and Section 509.050, Plaintiffs' Petition merely prays for monetary relief for their Injuries in an amount greater than $25,000.00. *See* Ex. 1 at 5.

20. Because Missouri law does not permit the demand for a specific sum of monetary relief in satisfaction of tort claims, the amount in controversy in Plaintiffs' Lawsuit may be asserted by Defendants in this Notice of Removal. 28 U.S.C. § 1446(c)(2)(A)(ii); *See also Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08CV1536 AGF, 2009 WL 911724 (E.D. Mo. Apr. 1, 2009) (holding that defendant met its burden of showing an amount in controversy in excess of $75,000 in a personal injury lawsuit alleging where plaintiff's petition sought recovery of damages "in excess of Twenty-Five Thousand Dollars ($25,000.00)").

21. Where controlling state law does not require a party to allege a specific dollar amount in controversy or otherwise limits the demand for monetary relief such that it may only be included for purposes of determining jurisdictional authority, the party seeking removal of the underlying claim must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1446(c)(2); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *accord. Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10-cv-36-CDP, 2010 WL 4177655, at *2 (E.D. Mo. Oct. 20, 2010) ("The defendant's burden is the same whether the plaintiff's complaint seeks an amount of damages below the jurisdictional requirement or does not allege a specific dollar amount at all.").

22. To determine whether the amount in controversy exceeds $75,000.00, federal courts may look to the notice of removal together with all exhibits, records, and affidavits of the parties addressing whether the damages and claims at issue exceed $75,000.00. *Synergetics, Inc. v. Hurst*, 333 F. Supp. 2d 841, 843 (E.D. Mo. 2004); *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10-cv-746-MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010).

23. In review of whether the removing party has satisfied its burden of proof with respect to there being a sufficient amount in controversy for removal, the test "is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (emphasis in original) (citations omitted); *accord. O'Keefe v. Midwest Transit, Inc.*, No. 4:06-cv-1060-DDN, 2006 WL 2672992, at *2 (E.D. Mo. Sept. 18, 2006) (denying motion to remand upon sufficient proof that "plaintiff could reasonably receive a verdict in excess of $75,000").

24. Once the removing party makes its showing of a sufficient amount in controversy, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 280 F.3d at 956.

25. "The measure of damages caused by a temporary nuisance is the amount the property's rental value decreases during the nuisance's duration." *Vermillion v. Pioneer Gun Club*, 918 S.W.2d 827, 831-32 (Mo. App. W.D. 1996). In addition to economic damages in the form of diminished property value, proof of nuisance also provides for recovery of compensatory damages for other incidents of damage, such as "actual inconvenience and physical discomfort which materially affected the comfortable and healthful enjoyment ... of his home, as well as any actual injury to his health or property caused by the nuisance." *Moore v. Weeks*, 85 S.W.3d 709, 716 (Mo. App. W.D. 2002) (*citing Byrom v. Little Blue Valley Sewer Dist.,* 16 S.W.3d 573, 576 (Mo. banc 2000)).

26. Plaintiffs seek recovery of damages for economic loss and non-economic loss. *See* e.g., Ex. 1 ¶ 23. And Plaintiffs have not limited their demand for damages to less than $75,000. Rather, the only apparent limitation that Plaintiffs assert is that Defendants' failure and refusal to remediate the Nuisance began "over two years" ago. *See* Ex. 1 ¶ 20.

27. Defendants are informed and believe, and on that basis allege, that the amount in controversy in this case satisfies the requirements of 28 U.S.C. § 1332(a) because the amount in controversy in the Lawsuit exceeds $75,000.00, exclusive of interests and costs.

28. There is no precise formula or bright line test that may be used to calculate compensatory damages for determining non-economic losses. *Moore v. Weeks*, 85 S.W.3d 709, 716 (Mo. App. W.D. 2002) (citing *Alcorn v. Union Pacific R.R. Co.,* 50 S.W.3d 226, 250 (Mo. banc 2001)). "Each case must be considered on its own facts, with the ultimate test being

whether the award fairly and reasonably compensates the plaintiff for the injuries sustained." *Id.* Accordingly, this Court should look to Missouri state court cases identifying the value for temporary nuisance claims to determine what a fact finder could reasonably conclude as the amount in controversy in the Lawsuit.

29.     In *Owens v. ContiGroup*, the Missouri Court of Appeals for the Western District affirmed a state court verdict totaling $11,500,000 awarded as compensatory damages to fifteen individuals claiming economic and non-economic damages caused by a temporary nuisance. *Owens v. ContiGroup Companies, Inc.*, 344 S.W.3d 717, 721 (Mo. App. W.D. 2011).  Of the fifteen individuals, thirteen received jury awards of $825,000.  *Id.* at 721.  The remaining individuals received compensatory damages of $250,000 and $75,000, respectively.  *Id.*  One year later, the same court affirmed multiple $75,000 verdicts awarded as compensatory damages to individuals solely claiming non-economic losses caused by a temporary nuisance. *See McGuire v. Kenoma, LLC*, 375 S.W.3d 157, 184 (Mo. App. W.D. 2012) (affirming $75,000 jury verdict for non-economic losses caused by temporary nuisance despite absence of evidence as to the value of the real property for which the plaintiff's lost enjoyment and use of for the duration of the nuisance).

30.     The decisions in *Owens* and *McGuire* plainly establish that under Missouri law, a fact finder could reasonably determine that Plaintiffs' temporary nuisance claim against Defendants justifies an award of compensatory damages for their economic and non-economic losses in excess of $75,000.00.

### REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER

31.     Venue is proper in the Eastern Division of the United States District Court for the Eastern District of Missouri under 28 U.S.C. §§ 1441(a) and 1446(a) because the Circuit Court

for St. Louis County, Missouri is located within the Eastern Division of this judicial district pursuant to Local Rule 3-2.07(A)(1).

32. Venue is also proper under Local Rule 3-2.07(B)(3) because the Lawsuit is a civil action brought against a multiple non-resident defendants and the claim for relief arose in Bridgeton, St. Louis County, Missouri.

33. As required by 28 U.S.C. § 1446(a) and Local Rule 81-2.03, true and correct copies of all pleadings on file with the Circuit Court of St. Louis County to date are attached hereto.

34. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiffs' counsel and a copy has been filed with the Clerk of the Circuit Court of St. Louis County.

35. Defendants' Notice to Clerk of Filing Notice of Removal will also be promptly filed with the Clerk of the Circuit Court of St. Louis County.

36. Defendants hereby reserve their rights to assert any and all defenses to Plaintiffs' Petition, including but not limited to failure to state a claim upon which relief can be granted.

37. Defendants reserve the right to amend or supplement this Notice of Removal.

38. Defendants have not answered the Petition in state court, and will do so consistent with Fed. R. Civ. P. 8.

WHEREFORE, Republic Services, Inc., Allied Services, LLC, and Bridgeton Landfill, LLC respectfully remove the Lawsuit now pending in the Circuit Court of St. Louis County, State of Missouri to this Court.

Dated: October 22, 2014	LATHROP & GAGE LLP

By: */s/ Matthew A. Jacober*
William G. Beck		MO #26849
Robert G. Rooney		MO #43381
Allyson E. Cunningham	MO #64802
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001
wbeck@lathropgage.com
rrooney@lathropgage.com
acunningham@lathropgage.com

Matthew A. Jacober	MO #51585
Pierre Laclede Center
7701 Forsyth Blvd., Suite 500
Clayton, Missouri  63105
Telephone:  (314) 613-2800
Telecopier:  (314) 613-2801
mjacober@lathropgage.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above pleading was served via the U.S. District Court ECM/ECF system and via hand delivery on the following counsel of record, this 22nd day of October, 2014:

    Daniel P. Finney, Jr.
    Daniel P. Finney III
    Christopher J. Finney
    FINNEY LAW OFFICE LLC
    1735 S. Big Bend Blvd.
    St. Louis, MO  63117

    ATTORNEYS FOR PLAINTIFFS

    */s/ Matthew A. Jacober*
    An Attorney for Defendants